UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD ALLEN BASS,<br><br>             Petitioner,<br><br>v.<br><br>STEVE LITTLE,<br><br>             Respondent. | Case No. 1:11-CV-00435-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus action is Respondent's Motion for Summary Dismissal (Dkt. 11). Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 4, 9, 10.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Petitioner has not filed a response, instead asserting that the issues raised are too complex for him to respond intelligently. He instead asks the Court to appoint counsel to assist him, based on his lack of legal education and limited access to legal resources. (Dkt. 14.)

There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as

**MEMORANDUM DECISION AND ORDER - 1**

provided by rule, if counsel is necessary for effective discovery, or an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

      The Court concludes that the current issues before the Court are very simple: did Petitioner raise an Eighth Amendment and a Fourteenth Amendment claim in state court, and, if so, did he pursue his federal claims through the Idaho Supreme Court? The record clearly reflects that Petitioner did not. The Court finds that there is no basis for appointing counsel for Petitioner, nor would appointment of counsel aid the Court in the decision-making process. However, the Court will not enter a final order at this time, but will conditionally grant the pending Motion for Summary Dismissal, and grant Plaintiff a time period of 14 days in which to file a response to the Motion and this Order. After that time period, the Court will consider whether this Order should be made final.

**MEMORANDUM DECISION AND ORDER - 2**

## MOTION FOR SUMMARY DISMISSAL

**1.      Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. It is appropriate for the Court to take judicial notice of court dockets from state court proceedings. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state

**MEMORANDUM DECISION AND ORDER - 3**

court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered to have been "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To show a miscarriage of justice, a petitioner must make a colorable showing

**MEMORANDUM DECISION AND ORDER - 4**

of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Where the petitioner pleaded guilty and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

**2.    Facts**

Petitioner pleaded guilty to, and was convicted of, one count of felony driving under the influence of alcohol, with a persistent violator enhancement. He was sentenced to a cumulative incarceration term of four years fixed, with fifteen years indeterminate. (State's Lodging A-1.)

Petitioner filed a direct appeal that was heard by the Idaho Court of Appeals, followed by a petition for review before the Idaho Supreme Court. (State's Lodgings B-1 to B-6.) Petitioner next filed a post-conviction action that was denied after appointment of counsel and an evidentiary hearing, and then he filed a notice of appeal. However, his appointed appellate counsel could not find any appealable issue arising from the post-conviction matter, and Petitioner himself eventually requested, and was granted, a

**MEMORANDUM DECISION AND ORDER - 5**

voluntary dismissal of his appeal before it was adjudicated. (State's Lodgings C-1, D-1 to D-4.)

In his federal Petition for Writ of Habeas Corpus, Petitioner brings an Eighth Amendment claim that his sentence constitutes cruel and unusual punishment, and a Fourteenth Amendment equal protection claim that the persistent violator enhancement is used inconsistently. (Dkt. 1.)

### 3. Discussion

#### A. *Eighth Amendment Claim*

On direct appeal, Petitioner brought two "abuse of discretion" claims regarding the sentences he received and the state district court's failure to reduce the sentence upon the filing of Petitioner's Rule 35 motion. (State's Lodging B-1, p. 2.) Petitioner clarified in his appellate brief that he was not alleging that his sentence exceeded the statutory maximum (because the facts would not have supported such a claim). (*Id.*, p. 3.) In its opinion addressing Petitioner's claims, the Idaho Court of Appeals addressed the sentencing claims under state law abuse of discretion standards, and did not on its own address the Eighth Amendment or any other constitutional provision. (State's Lodging B-3.)

Petitioner raised "a disproportionate sentence" as a claim in his post-conviction relief petition, but it was not pursued in the evidentiary hearing, nor was it addressed in the state district court's denial of the petition. (State's Lodgings C-1, C-2.) No substantive

**MEMORANDUM DECISION AND ORDER - 6**

claim was ever adjudicated in the post-conviction appeal. Accordingly, the Court concludes that the Eighth Amendment claim is procedurally defaulted.

The Court alternatively denies this claim on the merits. By his own admission, Petitioner was sentenced to a term within the statutory limits for the DUI and the sentence enhancement. At the time the Idaho Court of Appeals rendered its opinion in 2009, precedent from the United States Supreme Court existed which does not support Petitioner's argument of a constitutionally excessive sentence. *See Hutto v. Davis*, 454 U.S. 370, 372 (1982) ("this Court has never found a sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment"); *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (affirming a Michigan court judgment sentencing the defendant to a statutory mandatory life sentence without the possibility of parole for possessing more than 650 grams of cocaine, and rejecting a disproportionate sentence argument). Because Petitioner's sentence is not contrary to *Hutto* or *Harmelin*, he is not entitled to relief under 28 U.S.C. §2254.

    **B.**    *Equal Protection Claim*

Petitioner did not raise his Fourteenth Amendment Equal Protection claim on direct appeal, in his petition for post-conviction relief (focused on ineffective assistance of counsel and a disproportionate sentence), or on appeal from the trial court's denial of his petition for post-conviction relief. (See State's Lodgings B-1 through D-4.) Because

**MEMORANDUM DECISION AND ORDER - 7**

Petitioner failed to present this claim to the Idaho Supreme Court, and because the time to do so has expired, this claim is procedurally defaulted.

### C. *Cause and Prejudice and Miscarriage of Justice*

Petitioner has made no argument in support of applying the cause and prejudice or miscarriage of justice arguments to his claims, which would allow the Court to hear the claims, notwithstanding the fact that they are procedurally defaulted. Petitioner's notice to the Court that he recently was denied parole is not relevant to the claims and defenses currently at issue in this matter, because his sentence remains within the statutory limits. (Dkt. 16.) Petitioner shall be given one final opportunity to respond to the Motion for Summary Dismissal and this Order.

## ORDER

**IT IS ORDERED** that Respondent's Motion for Summary Dismissal (Dkt. 11) is CONDITIONALLY GRANTED. Petitioner shall have 14 days after entry of this Order to file a response to the Motion for Summary Dismissal and Order to show why the Order should not be made final and his Petition dismissed with prejudice. Petitioner shall address whether he presented his Eighth Amendment and Fourteenth Amendment claims in state court (including in the Idaho Supreme Court), whether cause and prejudice exists to excuse the failure to present those claims in state court, whether Petitioner is actually innocent, and whether Petitioner is entitled to relief on the merits of his Eighth

**MEMORANDUM DECISION AND ORDER - 8**

Amendment claim. After the 14-day period has expired, the Court will enter a final Order either granting or denying the Motion for Summary Dismissal.

DATED: **August 8, 2012**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**